

# Fourth Court of Appeals
## San Antonio, Texas

July 8, 2016

No. 04-16-00310-CV

Calletano "Cano" **VERA** and Pamela Vara,
Appellants

v.

**REGENCY ENERGY, INC.**, Civron Petroleum Resources LLC, and Royis Ward, Individually,
Appellees

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 14-05-0332-CVA
Honorable Russell H. Wilson, Judge Presiding

# O R D E R

On May 19, 2016, Appellants Calletano "Cano" Vera and Pamela Vera filed a notice of appeal from the trial court's February 22, 2016 order granting Civron Petroleum Resources, LLC's no-evidence motion for summary judgment.

In Civron's no-evidence motion, it identifies only itself as the movant. But the style of the case lists two other parties as defendants: Regency Energy, Inc. and Royis Ward, individually. Neither party is listed in the body of the trial court's order.

Generally, "an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When we consider "whether a judicial decree is a final judgment," we examine "its language and the record in the case." *See id.*

Here, the trial court's February 22, 2016 order grants Civron's no-evidence motion and orders "that this case is hereby DISMISSED," but it does not "state[] with unmistakable clarity that it is a final judgment as to all claims and all parties." *See id.* at 205 (stating that language in an order "that the case is dismissed[] shows finality if there are no other claims by other parties; but language that 'plaintiff take nothing by his claims against X' when there is more than one defendant or other parties in the case does not indicate finality"). The order does not expressly dispose of Appellants' claims against Regency Energy or Royis Ward, individually. *See id.*

Further, the record before us does not contain an earlier notice of nonsuit or subsequent severance order that could make the order final.

Therefore, we ORDER Appellants to show cause why this appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellants' written response must be filed with this court within TEN DAYS of the date of this order. If Appellants do not timely provide written proof as ordered, this appeal will be dismissed. *See id.*

All other appellate deadlines are SUSPENDED pending further order of this court.



_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of July, 2016.

_____
Keith E. Hottle
Clerk of Court